### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Kenny Wayne Rounds and Randy Carl Smith, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FourPoint Energy, LLC n/k/a Unbridled Resources, LLC,<br><br>Defendant. | Case No. CIV-20-00052-P |

## JUDGMENT

This is a class action lawsuit brought by Plaintiffs, Kenny Wayne Rounds and Randy Carl Smith, on behalf of themselves and all others similarly situated ("Plaintiffs" or "Class Representatives"), against Defendant FourPoint Energy, LLC n/k/a Unbridled Resources, LLC ("Defendant") for the alleged failure to pay royalty on gas used (1) off the lease premises or (2) in the manufacture of products, and for the alleged failure to pay statutory interest on oil-and-gas proceeds payments allegedly made outside the time periods set forth in the Production Revenue Standards Act, OKLA. STAT. tit. 52, § 570.1, *et seq.* (the "PRSA"), for oil-and-gas production proceeds from oil-and-gas wells in Oklahoma. On April 22, 2022, Plaintiffs and Defendant executed a Stipulation and Agreement of Settlement finalizing the terms of the proposed Settlement (the "Settlement Agreement"). The Settlement Agreement, together with the documents referenced therein and

1

exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the Litigation. In accordance with the Settlement Agreement, Plaintiffs now present the Settlement to the Court for final approval under Federal Rule of Civil Procedure 23.

On May 17, 2022, the Court preliminarily approved the Settlement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Classes for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court, *inter alia*:

    a.    certified the Settlement Classes for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the proposed Settlement Classes;

    b.    appointed Plaintiffs Kenny Wayne Rounds and Randy Carl Smith, as Class Representatives, and Reagan E. Bradford and Ryan K. Wilson as Co-Lead Class Counsel, and David R. Gleason and Charles V. Knutter as Additional Class Counsel (collectively, "Class Counsel");

    c.    preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Class Representatives' and the Settlement Classes' claims; (iii) Class Representatives and Class Counsel have concluded that the pro-

posed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Classes;

  d. preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Classes;

  e. preliminarily approved the form and manner of the proposed Short Form Notice, Long Form Notice, and Summary Notice to be communicated to the Settlement Classes, finding specifically that such Short Form Notice, Long Form Notice, and Summary Notice, among other information, fairly and adequately: (a) described the terms and effect of the Settlement among other information; (b) notified the Settlement Classes of the time and place of the Final Fairness Hearing; (c) described the options for requesting exclusion from the Settlement or objecting to the Settlement or any part thereof; and (d) directed potential Class Members to where they may obtain more detailed information about the Settlement;

  f. instructed the Settlement Administrator to disseminate the approved Short Form Notice by mail to potential members of the Settlement Class, to publish the Summary Notice, and to display the Long Form Notice and other documents related to the Settlement on an Internet website in accordance with the Settlement Agreement and in the manner approved by the Court;

  g. provided for the appointment of a Settlement Administrator;

  h. set the date and time for the Final Fairness Hearing as August 18, 2022, at 10:00 A.M. in the United States District Court for the Western District of Oklahoma; and

  i. set out the procedures and deadlines by which Class Members could properly request exclusion from the Settlement Classes or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Short Form Notice, Summary Notice, and Long Form Notice was given to the Settlement Classes, notifying them of the Settlement and the upcoming Final Fairness Hearing. On August 18, 2022, in accordance with the Preliminary Approval Order and the Notices, the Court conducted a Final Fairness Hearing to, *inter alia*:

  a. determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Classes;

  b. determine whether the notice method utilized by the Settlement Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the state and federal Constitutions, and any other applicable law;

  c. determine whether to approve the Allocation Methodology, the Initial Plan of Allocation, and distribution of the Net Settlement Fund to Participating Class Members;[1]

  d. determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

  e. determine whether the applications for Plaintiffs' Attorneys' Fees, reimbursement for Litigation Expenses and Administration, Notice, and Distribution Costs, and Case Contribution Awards to Class Representatives are fair and reasonable and should be approved;[2] and

  f. rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES as follows**:

  1. The Court, for purposes of this Judgment, adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

---

[1] The Court will issue a separate order pertaining to the allocation and distribution of the Net Settlement Proceeds among Class Members (the "Initial Plan of Allocation Order").

[2] The Court will issue separate orders pertaining to Plaintiffs' Counsel's request for Plaintiffs' Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and Class Representatives' request for Case Contribution Awards.

2. The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendant, Plaintiffs, and Class Members.

3. The Settlement Classes, which were certified in the Court's Preliminary Approval Order, are defined as follows:

**Class I**
All non-excluded persons or entities who were royalty owners in the Class I Wells during the Claim Period.

Excluded from Class I are: (1) Defendant and the Released Parties; (2) agencies, departments, or instrumentalities of the United States of America and the State of Oklahoma; (3) any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2); (4) publicly traded oil-and-gas companies and their affiliates; (5) Dan McClure, Kelly McClure, Charles David Nutley, and Danny George, and their relatives or affiliated entities or trusts; and (6) persons or entities that Plaintiffs' Counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

**Class II**
All non-excluded persons or entities:

  i. Whose payments from Defendant for oil-and-gas proceeds from Oklahoma wells during the Claim Period were outside of the timeframes imposed by the PRSA; and did not include statutory interest under the PRSA; and/or

  ii. Whose oil-and-gas proceeds from Oklahoma wells were paid by Defendant during the Claim Period to state entities as unclaimed or presumptively abandoned property without statutory interest under the PRSA.

Excluded from Class II are: (1) Defendant and the Released Parties; (2) agencies, departments, or instrumentalities of the United States of America and the State of Oklahoma; (3) any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2); (4) publicly traded oil-and-gas companies and their affiliates; (5) Dan McClure, Kelly McClure, Charles David Nutley, and Danny George, and their relatives or affiliated entities or trusts; and (6) persons or entities that Plaintiffs' Counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

The Court finds that the above-defined Settlement Classes have been properly certified for the purposes of this Settlement. The Court finds that the persons and entities identified in the attached **Exhibit 1** have submitted timely and valid Requests for Exclusion and are hereby excluded from the foregoing Settlement Classes, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the releases provided for in this Judgment and the Settlement Agreement.

4. At the Final Fairness Hearing on August 18, 2022, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, inter alia, the Settlement and the Notice of Settlement provided to the Settlement Classes, considering not only the pleadings and arguments of Class Representatives and Defendant and their respective counsel, but also the interests of all absent Class Members. In so doing, the Court considered arguments that could reasonably be made against, *inter alia*, approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument. The Court further surveyed the courtroom and determined that no Class Members were present to object to any part of the Settlement at the Final Fairness Hearing, nor were any objections submitted prior to the Final Fairness Hearing. Two potential class members appeared at the hearing, but they affirmed to the Court that they were not present to object to any part of the Settlement.

5. The Court further finds that due and proper notice, by means of the Short Form Notice, Long Form Notice, and Summary Notice, was given to the Settlement Classes in conformity with the Settlement Agreement and Preliminary Approval Order. The

7

form, content, and method of communicating the Short Form Notice mailed to the Settlement Classes, the Long Form Notice published on the website, and the Summary Notice published pursuant to the Settlement Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma, and any other applicable law. Therefore, the Court approves the form, manner, and content of the Short Form Notice, Long Form Notice, and Summary Notice used by the Parties. The Court further finds that all Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Classes or object to the Litigation and Settlement.

6. The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Litigation as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, including that: the members of the Settlement Classes are so numerous that joinder of all Class Members in the class action is impracticable; there are questions of law and fact common to the Settlement Classes that predominate over any individual questions; the claims of the Class Representatives are typical of the claims of the Settlement Classes; the Class Representatives

and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Class Members; and, after considering the interests of the Class Members in individually controlling the prosecution of separate actions, the extent and nature of litigation already commenced by members of the Settlement Classes, the desirability or undesirability of continuing the litigation of these claims in this forum, and the difficulties likely to be encountered in the management of a class action—a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendant, the covenants not to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable, and adequate and in the best interests of the Settlement Classes. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the Released Claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Classes and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between experienced counsel and the parties. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel,

supports the Settlement. The Parties and the Settlement Administrator are hereby authorized and directed to comply with and to cause the consummation of the Settlement in accordance with the Settlement Agreement (together with the documents referenced therein and exhibits thereto), and the Clerk of this Court is directed to enter and docket this Judgment in the Litigation.

7. By agreeing to settle the Litigation, Defendant does not admit, and instead specifically denies, that the Litigation could have otherwise been properly maintained as a contested class action (as opposed to settlement classes), and specifically denies any and all wrongdoing and liability to the Settlement Classes, Class Representatives, and Plaintiffs' Counsel.

8. The Court finds that on May 17, 2022, Defendant caused notice of the Settlement to be served on the appropriate state official for each state in which a Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In connection therewith, the Court has determined that, under 28 U.S.C. § 1715, the appropriate state official for each state in which a Class Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for Defendant to include on each such notice the names of each of the Class Members who reside in each state and the estimated proportionate share of each such Class Members to the entire Settlement as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Class Members residing in each state, the Gross Settlement Value, and a

description of the Allocation Methodology proposed by Class Representatives. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

9. The Litigation, specifically the Released Claims, are dismissed with prejudice as to the Released Parties. The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Participating Class Members. The Court finds that Defendant has agreed not to file a claim against Plaintiffs or Plaintiffs' Counsel based upon an assertion that the Litigation was brought by Plaintiffs or Plaintiffs' Counsel in bad faith or without a reasonable basis. Similarly, the Court finds that Plaintiffs have agreed not to file a claim against Defendant or Defendant's Counsel based upon an assertion that the Litigation was defended by Defendant or Defendant's Counsel in bad faith or without a reasonable basis. The Releasing Parties are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties to the fullest extent permitted by law. The Court thus hereby permanently bars and enjoins the Releasing Parties, and each of them (regardless of whether any such person or party shares in the Net Settlement Fund), and all persons acting on their behalf from, directly or

indirectly, or through others, suing, instigating, instituting, or asserting against the Released Parties any claims or actions on or concerning the Released Claims. The Released Parties are discharged and/or released from all claims for contribution that have been or may be brought by or on behalf of any persons relating to the Settlement of the Released Claims. The releases and prohibitions of this paragraph apply equally to any claim that relates to the subject matter of the Released Claims except as expressly excluded therefrom. The Court's approval of the Settlement and entry of judgment herein shall have the effect of barring each of the Releasing Parties from asserting any claim from which that party would be barred by a judgment resolving the certified claims herein had such claims been brought by such party individually. Neither Party will bear the other Party's litigation costs, costs of court, or attorneys' fees.

10. The Court also approves the efforts and activities of the Settlement Administrator, JND Legal Administration, in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Class Representatives in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.

11. Nothing in this Judgment shall bar any action or claim by Class Representatives or Defendant to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

12. This Judgment, the Settlement, and the Settlement Agreement, including any provisions contained in or exhibits attached to the Settlement Agreement, any negotiations, statements, or proceedings in connection therewith, or any action undertaken pursuant thereto, shall not be used for any purpose or admissible in any action or proceeding for any reason, other than an action to enforce the terms of this Judgment, or the Settlement (including, but not limited to defending or bringing an action based on the release provided for herein). The Judgment, the Settlement, and the Settlement Agreement are not and shall not be deemed, described, or construed to be or offered or received as evidence of a presumption, concession, declaration, or admission by any person or entity of the truth of any allegation made in the Litigation; the validity or invalidity of any claim or defense that was, could have been, or might be asserted in the Litigation; the amount of damages, if any, that would have been recoverable in the Litigation; any liability, negligence, fault, or wrongdoing of any person or entity in the Litigation; or whether any other lawsuit should be certified as a class action pursuant to Federal Rule of Civil Procedure 23 or any applicable state rule of procedure.

13. As separately set forth in detail in the Court's Plan of Allocation Order(s), the Allocation Methodology, the Plan of Allocation, and distribution of the Net Settlement Fund among Participating Class Members are approved as fair, reasonable and adequate, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the Plan of Allocation Order(s) entered by the Court.

14. The Court finds that Class Representatives, Defendant, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Litigation. The Court further finds that Class Representatives and Plaintiffs' Counsel adequately represented the Settlement Classes in entering into and implementing the Settlement.

15. Neither Defendant nor Defendant's Counsel has any liability or responsibility to Plaintiffs, Plaintiffs' Counsel, or the Settlement Classes with respect to the Gross Settlement Fund or its administration, including but not limited to any distributions made by the Settlement Administrator. Except as described in paragraph 6.20 of the Settlement Agreement, no Class Member shall have any claim against Plaintiffs' Counsel, the Settlement Administrator, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

16. Any Class Member who receives a Distribution Check that he/she/it is not legally entitled to receive is hereby ordered to either (a) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s) or (b) return the Distribution Check uncashed to the Settlement Administrator.

17. All matters regarding the administration of the Settlement Account and the taxation of funds in the Settlement Account or distributed from the Settlement Account shall be handled in accordance with Section 5 of the Settlement Agreement.

18. Any order approving or modifying any Plan of Allocation Order, the distribution of the Net Settlement Fund amongst the Participating Class Members, the application by Class Counsel for an award of Plaintiffs' Attorneys' Fees or reimbursement of Litigation Expenses or Administration, Notice, and Distribution Costs, or the request of Class Representatives for Case Contribution Awards shall be handled in accordance with the Settlement Agreement and the documents referenced therein (to the extent the Settlement Agreement and documents referenced therein address such an order).

19. Plaintiffs' Counsel, Plaintiffs, and the Settlement Classes will only be liable for loss of any portion of the Settlement Account as described in paragraph 6.20 of the Settlement Agreement. Defendant shall have no liability for any such loss.

20. Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction over the Litigation, Class Representatives, the Settlement Classes, Defendant, and the other Released Parties for the purposes of: (a) supervising and/or determining the fairness and reasonableness of the implementation, enforcement, construction, and interpretation of the Settlement, the Settlement Agreement (together with the documents referenced therein and the exhibits thereto), any Plan of Allocation Order entered by the Court, and this Judgment; (b) hearing and determining any application by Class Counsel for an award of Plaintiffs' Attorneys' Fees, and Litigation Expenses and Administration, Notice, and Distribution Costs, and/or Case Contribution Awards for Class Representatives, if such determinations were not made at the

Final Fairness Hearing; (c) supervising the distribution of funds from the Settlement Account; (d) resolving any dispute regarding a Party's right to terminate the Settlement pursuant to the Settlement Agreement; (e) enforcing the terms of the Settlement, including the entry of injunctive or other relief to enforce, implement, administer, construe and interpret the Settlement Agreement and Supplemental Agreements; and (f) exercising jurisdiction over any challenge to the Settlement on any basis whatsoever.

21. In the event the Settlement is terminated as the result of a successful appeal of this Judgment or does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement (or any document referenced therein) for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Settlement Agreement (or any document referenced therein). The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with.

22. The Released Claims of the Participating Class Members are hereby DISMISSED WITH PREJUDICE to the refiling of the same or any portion thereof by or against the Released Parties. The Court retains jurisdiction pursuant to administer the Settlement distribution process as contemplated in the Court's separate Plan of Allocation Order(s), to administer other aspects of the Settlement as described in the Settlement Agreement, and to issue additional orders pertaining to, *inter alia*, Class Counsel's request for Plaintiffs' Attorneys' Fees and reimbursement of reasonable Litigation Expenses and Administration, Notice, and Distribution Costs, and Class Representatives' request for

Case Contribution Awards. Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendant and is therefore a final appealable judgment. Regardless, there is no just reason to delay the finality of the Judgment. The Court further hereby expressly directs the Clerk of the Court to file this Judgment as a final order and final judgment in this Litigation.

    IT IS SO ORDERED this __23rd__ day of <u>August</u>, 2022.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

# Exhibit 1

Kaiser-Francis Oil Company
Kaiser-Francis Mid Continent LP
Kaiser-Francis Management Company
GBK Investments LLC
Mewbourne Oil Company
Buckles Estate Properties, LLC